MILL RIVER LOAN FUND ASSOCIATION *vs.* JOHN H. CLAFLIN
& others.

A creditor of one who has paid for land which, for the purpose of defrauding his creditors, . is conveyed to others who have knowledge of the fraudulent intent, cannot maintain a bill in equity against the grantees, to compel an application of the land in payment of his debt.

A statement in the nature of a demurrer, for want of equity, contained in the answer to a bill in equity, need not be accompanied by a certificate that it is not intended for delay, under Gen. Sts. *c.* 113, § 5.

HOAR, J. This is a bill in equity brought by a creditor of Isaac S. Claflin, to compel the application, in payment of the debt, of land fraudulently held in trust for him. It alleges that Claflin was seised of the land, and, for the purpose of defraud-·ing his creditors, conveyed it to one Cay, taking back a bond for reconveyance either to himself or to his wife, upon payment to Cay of the cost of certain improvements. There is no allegation that Cay was party or privy to the fraud. The title of Cay, which thus appears to have been a good one, was afterward transferred to Godfrey and Mayhew; the bond from Cay was cancelled, and a new bond given by them for the conveyance of the estate to Mrs. Claflin, upon the payment of the sum due to Cay. This sum was afterward paid by Claflin; and, Mrs. Claflin having died, Godfrey and Mayhew, in performance of the condition of the bond, conveyed the estate to her children and heirs, who are made defendants, and who are alleged to have had knowledge of the fraudulent intent.

The subtsance of the transaction, therefore, as set forth in the bill, is this; that land has been paid for by a debtor, and the record title conveyed to a third person with intent to defeat, delay and defraud his creditors. For this, a plain, adequate and complete remedy at law is given to any creditor injured, by an

attachment and levy upon the land, under the provisions of Gen. Sts. *c.* 103, § 1 ; *c.* 123, § 55. *Taylor* v. *Robinson*, 7 Allen 253. The demurrer to the bill for want of equity must therefore be sustained.

It is objected further by the plaintiffs that the defendants cannot avail themselves of the demurrer, because it was not accompanied by a certificate that it was not intended for delay, as required by Gen. Sts. *c.* 113, § 5. No separate demurrer was filed ; but the defendants have relied upon a statement in the nature of a demurrer inserted in their answer ; which is permitted by chancery rule xxviii., 14 Gray, 358. We think that in such a case no certificate is required. It is not a formal demurrer, and so the statute does not in terms apply. And it is not within the reason of the statute provision, because the time for filing an answer is not extended, nor the preparation of the cause for hearing necessarily delayed thereby.

*Demurrer sustained, with costs.*

*F. H. Dewey & H. B. Staples,* for the defendants.

*G. F. Hoar & T. G. Kent,* for the plaintiffs.